**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4468
_____

UNITED STATES OF AMERICA

v.

DOWANN ANDRADE,
a/k/a Red West

DOWANN ANDRADE,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. Action No. 10-cr-00864)
District Judge: Honorable Anne E. Thompson
_____

Submitted Under Third Circuit LAR 34.1(a)
Submitted: December 10, 2012
_____

Before: GREENAWAY, JR., NYGAARD, and VAN ANTWERPEN, *Circuit Judges*.

(Opinion Filed: January 15, 2013)
_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Appellant Dowann Andrade ("Andrade") appeals the District Court's December 5,

2011 Judgment and sentence of 92 months' imprisonment. For the reasons that follow,

we will affirm.

## I. **BACKGROUND**

Because we write primarily for the benefit of the parties, we recount only the essential facts. On April 26, 2011, Andrade pled guilty to conspiracy to distribute and possess with the intent to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. § 846, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

At sentencing, the District Court assessed an increase in the criminal history calculation based on Andrade's two convictions for violations of New Jersey's Megan's Law. Both convictions arose in 2008. First, Andrade was convicted of a violation of condition of special sentence, and was sentenced to two days' imprisonment, time served, and continued community supervision for life. Later that year, Andrade was convicted of failure to register as a sex offender, and was sentenced to one day of imprisonment and continued community supervision for life.

Andrade argued at sentencing that both of these violations were merely inconsequential technical violations which should not be the basis for an increase in criminal history points. Although the District Court acknowledged the technical nature of the violations, it concluded that an assignment of one criminal history point for either of the two violations would raise the criminal history category to V.[1]

_____

[1] The record is unclear regarding whether the District Court ultimately assigned one criminal history point per violation or whether it only assigned one criminal history

2

Given Andrade's total offense level of 25 and a criminal history category of V, the resulting sentencing range was 84 to 105 months. The District Court sentenced Andrade to 92 months' imprisonment. Andrade timely appealed.

Andrade presents two arguments for our review: First, the District Court should not have awarded him any criminal history points for his two violations of Megan's Law. Second, the District Court's assignment of criminal history points for these convictions violates the Double Jeopardy Clause of the Fifth Amendment. Both arguments are without merit.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

We review the procedural and substantive reasonableness of the District Court's sentencing decision under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). We first consider whether the sentencing court committed "significant procedural error, such as failing to [properly calculate] the Guidelines range . . . [or] failing to consider the § 3553(a) factors . . . ." *Gall*, 552 U.S. at 51. "If there is no procedural error, the second

---

point for one or the other violation. (App. 64 ("[U]pon viewing this criminal history and reading the presentence report, ultimately I would conclude that no more than one of the criminal history points — or the points that were assessed [for these two violations] could be subtracted. And that would not change his criminal history [category] from 5 to a 4.").) We need not resolve this uncertainty. In any event, either violation properly supports an increase in the criminal history category.

stage of our review is for substantive reasonableness, and we will affirm the sentence unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Wright*, 642 F.3d 148, 152 (3d Cir. 2011) (internal quotation marks omitted).

Our review of double jeopardy challenges is plenary. *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006).

## III.    ANALYSIS

### A.  Criminal History Calculation

Andrade contends that the District Court should not have assessed any criminal history points for his two convictions for violating the registration and reporting requirements under Megan's Law. As an initial matter, any procedural challenge to this calculation is meritless. Each of these convictions is a felony conviction. U.S.S.G. § 4A1.2(o) (defining "felony offense" as any "offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed"); N.J. Stat. Ann. § 2C:43-6(a)(4) (imposing a maximum term of incarceration of 18 months for violations of Megan's Law). As such, under U.S.S.G. § 4A1.1(c), each conviction merited one criminal history point.

Andrade also argues that these convictions were "technical violations at best," (Appellant Br. 3), and "not real criminal history events," (Appellant Reply Br. 4). The gist of Andrade's argument here is that his criminal history, properly calculated, overstates the seriousness of his prior criminal conduct. This argument warrants no

4

substantive retort.  Overstatement is not at issue, nor could it provide Andrade any solace.

Andrade's last argument is that the two convictions for Megan's Law violations should have been excluded because they are similar to the offenses listed in U.S.S.G. § 4A1.2(c).[2]  While U.S.S.G. § 4A1.2(c) provides for the exclusion of certain *misdemeanor and petty offenses* from criminal history calculations, that section unambiguously states that "[s]entences for *all felony offenses* are counted."  (Emphasis added).  Both of Andrade's Megan's Law violations are felonies; § 4A1.2's exceptions are not applicable.

Thus, Andrade's sentence is not procedurally or substantively unreasonable.[3]

### B.  Double Jeopardy Clause

Andrade's argument that the registration and reporting requirements of Megan's Law violates the Double Jeopardy Clause of the Fifth Amendment is foreclosed by our decision in *Artway v. Attorney General of New Jersey*, 81 F.3d 1235 (3d Cir. 1996).  In *Artway*, we explicitly held that the registration provisions of Megan's Law do "not offend the Ex Post Facto, Double Jeopardy, or Bill of Attainder Clauses."  *Id*. at 1267.

---

[2] It appears that this argument was not raised before the District Court.  As such, it should be reviewed for plain error only.  *United States v. Olano*, 507 U.S. 725, 733 (1993).  This claim falls regardless of the standard of review employed.

[3] In his reply brief, Andrade also states that "the main thrust of Appellant's argument at sentencing and in this appeal [is] that Appellant was entitled to a factual analysis of the criminal history events, and was not consigned to a mere automatic reliance on the terms of the judgments of conviction."  (Appellant Reply Br. 1.)  We find this argument unpersuasive.  Andrade had the opportunity to explain the circumstances surrounding these two convictions to the District Court, and did so to no avail.  (App. 37-40, 52-53, 55-56.)

5

To the extent that Andrade argues that he is placed in double jeopardy because his past convictions were used in calculating his current sentence, we reject this argument as well. "The consideration at sentencing of prior convictions has long been held not to violate double jeopardy." *United States v. Garcia*, 919 F.2d 881, 886 (3d Cir. 1990).

## IV.    CONCLUSION

For the reasons set forth above, we will affirm the Judgment and sentence of the District Court.